**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**JESSICA VARGAS,**
individually and on behalf of all those similarly situated,

Plaintiff,

vs.

**PLAYA BOWLS FLORIDA LLC.,**

Defendant.

Case No.:

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

## CLASS ACTION COMPLAINT

Plaintiff **JESSICA VARGAS** ("Plaintiff") brings this class action against **PLAYA BOWLS FLORIDA LLC.,** ("Defendants") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and the Federal Communications Commission regulations promulgated thereunder ("TCPA").

2. To promote its goods and services, Defendant transmitted unsolicited marketing text messages to Plaintiff and other consumers, including messages initiated before 8:00 a.m. or after 9:00 p.m. in violation of the TCPA.

3. Through this action, Plaintiff seeks statutory damages and injunctive relief under the TCPA, and actual damages, punitive damages, attorney's fees, and costs, arising from Defendant's

unlawful telemarketing practices, which intruded upon Plaintiff's and the Class members' privacy and quiet enjoyment of their telephones.

**PARTIES**

4. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Florida.

5. Defendant, Playa Bowls Florida LLC is a Florida Limited Liability Company authorized to do business in Florida.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**JURISDICTION, AND VENUE**

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District.

**STATUTORY BACKGROUND**

**Telephone Consumer Protection Act (TCPA)**

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive

invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

A. The National Do-Not-Call Registry

13. 47 U.S.C. § 227(c) of the TCPA requires the Federal Communications Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The national do-not-call registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

15. A listing on the registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the national do-not-call registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

17. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCCRcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer— providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

B. Regulation Prohibiting After Hours Messages

18. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

19. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers before 8 am and after 9 pm and similarly provides a private right of action against any entity that makes those telephone solicitations, or "on whose behalf" such telephone solicitations are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(1).

20. Pursuant to 47 C.F.R. § 64.1200(e), the restrictions in § 64.1200(c) apply to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

21. Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

22. Under the TCPA, a text message is a call. *Campbell-Ewald Co. v. Gomez, 136 S. Ct 663 (2016).*

23. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages foreach and every negligent violation. 47 U.S.C. § 227(c)(5).

24. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation. 47 U.S.C. § 227(c)(5).

## FACTS

25. On October 20, 2025 07:47 AM and November 29, 2025 07:10 AM Defendant made telephone solicitations to Plaintiff's cellular telephone as depicted below:




26. Defendant sent Plaintiff two (2) marketing text messages before the hour of 8:00 a.m. or after 9:00 p.m. local time at Plaintiff's location.

27. As demonstrated by the above screenshots, the purpose of Defendant's telephonic solicitations was to advertise, promote, and/or market Defendant's property, goods, and/or services.

28. Plaintiff is the regular user of the telephone number that received the above-mentioned solicitations.

29. Plaintiff utilizes the cellular telephone number that received Defendant's telephone solicitations for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

30. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all telephone solicitations advertising/promoting its services and goods.

31. These reports show the dates, times, target telephone numbers, and content of each telephone solicitation made to Plaintiff and the Class members.

32. Plaintiff did not provide Defendant with prior express invitation or permission, whether written or otherwise, to send telemarketing or solicitation text messages to Plaintiff's cellular telephone number. Plaintiff also did not provide Defendant with prior express invitation or permission to send telemarketing or solicitation text messages to Plaintiff before 8:00 a.m. or after 9:00 p.m. local time.

33. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

**CLASS ALLEGATIONS**
**PROPOSED CLASS**

34. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent the following classes:

> **<u>TCPA After Hours Class:</u> All persons in the United States who from four years prior to the filing of this action through the date of class certification(1) Defendant, or anyone on Defendant's behalf, (2) placed more than one marketing text message within any 12-monthperiod; (3) where such**

> **marketing text messages were initiated before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).**
>
> **<u>TCPA Do Not Call Registry Class:</u> All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

35. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

36. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes Class Members' number in the several thousands, if not more.

**NUMEROSITY**

37. Upon information and belief, Defendant has placed violative text messages to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

38. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

39. There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members, including:

a. whether Defendant initiated or caused to be initiated marketing text messages to Plaintiff and the Class members;

b. whether those messages constituted telephone solicitations or telemarketing;

c. whether such messages were initiated before 8:00 a.m. or after 9:00 p.m. local time for purposes of the TCPA;

d. whether Defendant sent more than one solicitation text message within a 12-month period to persons whose numbers were listed on the National Do-Not-Call Registry for at least 30days;

e. whether Defendant had prior express invitation or permission to send the messages at issue; and

f. whether Defendant is liable for damages and other relief.

40. These common questions are capable of common answers because Plaintiff's claims arise from Defendant's uniform practice of transmitting marketing text messages to consumers at prohibited times and, upon information and belief, to numbers listed on the National Do-Not-Call Registry.

**TYPICALITY**

41. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF CLASS MEMBERS**

42. Plaintiff is a representative who willfully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

43. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

44. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, where as another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

**COUNT I**

**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)(1)**

**(Quiet Hours Violation)**

**(On Behalf of Plaintiff and the Class)**

45. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(1), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1).

47. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is “applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.” 47 C.F.R.§ 64.1200(c).

48. Any “person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may” may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers’ privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49. Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members before the hour of 8 a.m. or after the hour of 9 p.m. (local time at the called party’s location).

50. The subject text messages were telephone solicitations within the meaning of the TCPA because Plaintiff did not provide prior express invitation or permission for Defendant to transmit those telemarketing messages to Plaintiff’s cellular telephone number.

51. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages foreach and every negligent violation. 47U.S.C. § 227(c)(5).

52. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation. 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff, individually and on behalf of the TCPA After-Hours Class, demands judgment against Defendant for: (a) statutory damages of $500 for each negligent violation; (b) treble damages of up to $1,500 for each knowing or willful violation; (c) injunctive

relief prohibiting Defendant from initiating telephone solicitations before 8:00 a.m. or after 9:00 p.m. local time at the called party's location; (d) costs; and (e) such other and further relief as the Court deems just and proper.

**COUNT II**

**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2)**
**(National Do-Not-Call Registry)**

**(On Behalf of Plaintiff and the Class)**

53. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

54. The TCPA and its implementing regulations prohibit any person or entity from initiating a telephone solicitation to a residential telephone subscriber whose telephone number has been registered on the National Do-Not-Call Registry for at least 30 days. 47 U.S.C. § 227(c); 47 C.F.R.§ 64.1200(c)(2).

55. Under the TCPA, a text message to a cellular telephone qualifies as a "call."

56. The TCPA provides a private right of action to any person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C. § 227(c). 47 U.S.C. § 227(c)(5).

57. Plaintiff's telephone number has been listed on the National Do-Not-Call Registry since at least November 14, 2020.

58. Defendant initiated, or caused to be initiated, more than one solicitation text message to Plaintiff within a 12-month period.

59. Defendant's text messages to Plaintiff were sent for the purpose of encouraging the purchase of Defendant's goods or services.

60. By initiating, or causing to be initiated, solicitation text messages to Plaintiff after Plaintiff's telephone number had been listed on the National Do-Not-Call Registry for at least 30 days, Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

61. Defendant did not have Plaintiff's prior express invitation or permission, evidenced by a signed written agreement or otherwise, to initiate the solicitation text messages at issue.

62. Defendant knew or should have known that Plaintiff's number was listed on the National Do-Not-Call Registry.

63. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and the TCPA National Do-Not-Call Class are entitled to $500 in statutory damages for each negligent violation and up to $1,500 for each knowing or willful violation, as well as injunctive relief.

WHEREFORE, Plaintiff, individually and on behalf of the TCPA National Do-Not-Call Class, demands judgment against Defendant for: (a) statutory damages of $500 for each negligent violation; (b) treble damages of up to $1,500 for each knowing or willful violation; (c) injunctive relief prohibiting Defendant from initiating telephone solicitations to telephone numbers listed on the National Do-Not-Call Registry in violation of federal law; (d) costs; and (e) such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant, and award the following relief:

a) an order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

b) statutory damages of $500 for each negligent violation of the TCPA;

c) treble damages of up to $1,500 for each knowing or willful violation of the TCPA;

d) injunctive relief prohibiting Defendant from engaging in conduct that violates the TCPA, including but not limited to initiating telephone solicitations before 8:00 a.m. or after 9:00 p.m. local time at the called party's location, and initiating solicitations to persons listed on the National Do-Not-Call Registry in violation of federal law,

e) pre-judgment interest and post-judgment interest as permitted by law; and

f) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

Dated: April 27, 2026

Respectfully Submitted,

*/s/ Vinit R. Venkatesh, Esq.*

Vinit R. Venkatesh, Esq.
Florida Bar No: 123711
E-mail: vv@plgdamage.com
PLG Damage Attorneys
2750 SW 145th Ave
Miramar, FL 33027
Phone: 305-506-4746

**COUNSEL FOR PLAINTIFF**